1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL ALI NOBLE-MUHAMMED,

11          Plaintiff,                    No. CIV S-06-2861 MCE EFB P

12       vs.

13   R. McCORD, et al.,                   ORDER AND ORDER DIRECTING SERVICE
                                          BY THE UNITED STATES MARSHAL
14          Defendants.                   WITHOUT PREPAYMENT OF COSTS

15   _____/

16          Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations.

17   *See* 42 U.S.C. § 1983.  He proceeds *in forma pauperis*.  *See* 28 U.S.C. § 1915.  On January 18,

18   2007, the court determined that plaintiff's complaint states a cognizable claim for relief against

19   defendants McCord and Stratton, and ordered plaintiff to provide a completed summons,

20   sufficient copies of the complaint for service, information for service of process on form USM-

21   285, and a notice of compliance.  Plaintiff has filed the required papers.

22          Accordingly, IT IS HEREBY ORDERED that:

23          1.  The Clerk of the Court is directed to forward the instructions for service of process,

24   the completed summons, copies of the December 19, 2006, complaint and copies of this order to

25   the United States Marshal.

26   /////

1

2.  Within ten days from the date of this order, the United States Marshal shall notify defendants McCord and Stratton of the commencement of this action and request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c).

3.  The United States Marshal shall retain the sealed summons and a copy of the complaint in their file for future use.

4.  The United States Marshal shall file returned waivers of service of summons and requests for waivers that are returned as undelivered promptly upon their receipt.

5.  If a defendant fails to return a waiver of service of summons within 60 days from the date the request is mailed, the United States Marshal shall:

a.  Personally serve process and a copy of this order upon the defendant, *see* Fed. R. Civ. P. 4, 28 U.S.C.  § 566(c), and command all necessary assistance from the California Department of Corrections and Rehabilitation (CDCR) to execute this order, while maintaining the confidentiality of all information provided.

b.  File, within ten days after effecting personal service, the return of service with evidence of any attempts to secure a waiver of service of summons and of the costs incurred in effecting service.  Such costs shall be enumerated on the USM-285 form and shall include any costs the Marshal's office incurs for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms.  Costs of service will be taxed against the personally served defendant. *See* Fed. R. Civ. P. 4(d)(2).

6.  Defendants shall reply to the complaint within the time provided in Fed. R. Civ. P. 12(a).

7.  Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59 and 60, and L.R. 11-110 shall be briefed in accordance with L. R. 78-230(m).  Failure

1   timely to file an opposition or statement of no opposition to a motion may be deemed a waiver of

2   opposition to the motion and may result in the imposition of sanctions.  L. R. 78-230(m).

3   Opposition to all other motions need be filed only as directed by the court.

4       8.  If plaintiff is released from prison while this case is pending, any party may request

5   application of the other provisions of L. R. 78-230 in lieu of L. R. 78-230(m).  Until such a

6   motion is granted, L. R. 78-230(m) will remain in effect regardless of plaintiff's custodial status.

7   *See* L.R. 1-102(d).

8       9.  As required by the appellate court in *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th

9   Cir. 2003), the court hereby advises plaintiff of the following with respect to opposing a motion

10  to dismiss for failure to exhaust available administrative remedies made under the authority of

11  non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure.  Such a motion is a request

12  that the court dismiss without prejudice any unexhausted claims.  The moving party may submit

13  affidavits or declarations under penalty of perjury and admissible documents in support of its

14  motion.  Plaintiff may file declarations under penalty of perjury and admissible documents in

15  support of his opposition.  Plaintiff may rely on his own statements made under penalty of

16  perjury in the complaint if the complaint shows that he has personal knowledge of the matters

17  stated, and plaintiff specifies the parts of the complaint on which he relies.  Affidavits or

18  declarations must be sworn to by persons who have personal knowledge of relevant matters.  If

19  plaintiff seeks to rely on written records, he must prove that the records are what he asserts them

20  to be.  If plaintiff fails to contradict defendant's evidence with admissible evidence, the court

21  may rely on defendant's evidence.  If both sides rely on matters outside the pleadings, the court

22  may look beyond the pleadings and decide disputed issues of fact.  If plaintiff does not file a

23  written opposition to the motion, the court may consider the failure to act as a waiver of

24  opposition to the motion.  *See* L.R. 78-230(m).  If the court grants defendant's motion, the

25  unexhausted claims will be dismissed without prejudice.

26  /////

3

10. As required by the appellate court in *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-412 (9th Cir. 1988), the court advises plaintiff of the following with respect to opposing a motion for summary judgment under Fed. R. Civ. P. 56:  Such a motion is a request that the court grant judgment in defendants' favor without trial.  A motion for summary judgment will set forth the facts that defendants assert are not reasonably subject to dispute and that entitle them to judgment under applicable law.  To oppose a motion for summary judgment, plaintiff must show proof of his claims.  To do this, he may rely upon statements made in the complaint under penalty of perjury if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies the parts of the complaint upon which he relies.  Plaintiff also may file one or more affidavits or declarations setting forth the facts that plaintiff believes prove his claims, as long as the person who signs it has personal knowledge of the facts stated. Plaintiff may rely on written records, but he must prove they are what he asserts them to be. Plaintiff may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts.  If plaintiff fails to contradict defendants' evidence with counter-affidavits or other admissible evidence, the court may accept defendants' evidence as true and grant the motion.  If there is good reason why such facts are not available to plaintiff when he is required to oppose a motion for summary judgment, the court will consider a request to postpone considering the motion.  If plaintiff does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the defendants' motion.  *See* L.R. 78-230(m).  If the court grants defendants' motion, whether opposed or unopposed, judgment will be entered for defendants without a trial and the case will be closed.

11.  The court will strike a any motion or opposition supported by unsigned affidavits or declarations.

/////

1    12.  Each party shall keep the court informed of a current address at all times while this

2 action is pending.  Any address change must be reported promptly to the court in a separate

3 document captioned for this case and must be entitled "Notice of Change of Address."  A notice

4 of address change must be properly served on other parties.   Service of documents at the address

5 on record for a party is fully effective.  *See* L.R. 83-182(f).  A party's failure to inform the court

6 of a change of address may result in the imposition of sanctions, including dismissal of the

7 action.

8    13.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

9    14.  The failure of any party to comply with this order, the Federal Rules of Civil

10 Procedure, or the Local Rules of Court may result in the imposition of sanctions including, but

11 not limited to, dismissal of the action or entry of default.

12 DATED:   April 16, 2007.

13

14                                          EDMUND F. BRENNAN
                                            UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26